UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO RODRIGUEZ MARQUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.<br><br>Respondents. | No. 1:26-cv-04628-DAD-SCR<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS*, GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On June 15, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order (Doc. No. 2), a motion to proceed *in forma pauperis*[1] (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4). Petitioner states in his verified *habeas* petition that he first entered the United States in 1991 and then re-entered the United States in 1998. (Doc.

---

[1] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a) and is therefore granted.

1

No. 1 at ¶ 42.)  Petitioner was previously released from immigration detention on bond in 2013. (*Id.* at ¶ 45.)  Petitioner has pending applications for asylum and a U-visa and has consistently attended his immigration court hearings and ICE check-ins.  (*Id.* at ¶¶ 44–45.)  Petitioner admits that he has a "DUI" from 2020, but he does not clarify whether he was simply arrested or convicted of DUI at that time.  (*Id.*)  More importantly, it appears that respondents elected not to re-detain petitioner following this DUI related incident six years ago.  Petitioner was re-detained by ICE on May 2, 2026 without notice of the reason for his re-detention.  (Id. at ¶¶ 51–52.)

On June 17, 2026, the court set a briefing schedule as to petitioner's motion for preliminary injunction and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 6.)  In that same order, the court directed that if respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to indicate in the opposition and provide substantive reasons in support of that position.  (*Id.*)

On June 18, 2026, respondents filed a combined response to the *habeas* petition and opposition to the motion for temporary restraining order.  (Doc. No. 8.)  Therein, respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*Id.* at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents state that they "do not distinguish this case from those cited in the Court's minute order[.]" (Doc. No. 6). (Doc. No. 8 at 2.)  Respondents have not disputed any of the facts that petitioner alleged in his petition, nor have they argued that he is a danger to the community or a flight risk.  Finally, respondents have stated no opposition to the court ruling on the pending *habeas* petition based upon the briefing currently before it.

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that

/////

the petitioner's prior release by immigration authorities created a liberty interest in his continued release.  Accordingly, the court will grant petitioner's petition for writ of *habeas corpus*.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Gerardo Rodriguez Marquez, A-File No. 206-149-537, from respondents' custody on the conditions, if any, he was subject to prior to his detention on May 2, 2026;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 3) is GRANTED;

3. Petitioner's motion for a temporary restraining order (Doc. No. 2) and motion to appoint counsel (Doc. No. 4) are hereby DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;

4. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 18, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3